IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Docket No. 09 CR 383-8 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FELIPE CABRERA SARABIA, | ) | |
| | ) | Chicago, Illinois |
| Defendant. | ) | July 25, 2023 |
| | ) | 1:30 o'clock p.m. |

TRANSCRIPT OF SENTENCING PROCEEDINGS
BEFORE THE HONORABLE SHARON JOHNSON COLEMAN

APPEARANCES:

For the Plaintiff: HON. MORRIS PASQUAL
Acting United States Attorney
BY: MR. ANDREW C. ERSKINE
219 S. Dearborn St., Suite 500
Chicago, Illinois 60604

For the Defendant: RALPH E. MECZYK & ASSOCIATES
BY: MR. RALPH E. MECZYK
MR. GINO PERONTI
33 N. Dearborn Street, Suite 1830
Chicago, Illinois 60602

LAW OFFICE OF MERVYN M. MOSBACKER, JR.
BY: MR. MERVYN M. MOSBACKER, JR.
2777 Allen Parkway, Suite 1000
Houston, Texas 77019

MR. ROBERT L. RASCIA
650 N. Dearborn Street, Suite 700
Chicago, Illinois 60654

RECEIVED BY MAIL
FEB 24 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
FEB 24 2025
U.S. DISTRICT COURT MPLS

Exhibit A-001

APPEARANCES (Continued):

Also Present: MS. JESSICA COOK, Probation Officer
MS. CATALINA JOHNSON, Interpreter

Court Reporter: MS. JOENE HANHARDT
Official Court Reporter
219 S. Dearborn Street, Suite 1744-A
Chicago, Illinois 60604
(312) 435-6874

* * * * * * * * * * * * * * * * * *

PROCEEDINGS RECORDED BY
MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED BY COMPUTER

Exhibit A - 002

THE COURT: -- but the Court will take into consideration that at this stage in his life, he is older and being confined in custody for multiple years to come will take its toll further. The Court understands that and will take that into consideration.

Again, my charge at this point is to sentence Mr. Cabrera Sarabia to a sentence that is sufficient, but not greater than necessary. The Guidelines range is from 292 months to 365 months in custody.

The government has recommended 240 months.

The defense is asking me to go into half of the Guideline range, which will approximately be 180, I believe, months -- around that amount of time.

So, in keeping with everything I have stated, the Court believes a sentence that is sufficient in this case, but not greater than necessary, and taking into account his in-custody provisions that he had -- situations that he had -- prior, this Court believes the sufficient amount in this case should be one of 230 months in custody. 230.

Five years of supervised release.

No fine is going to be recommended.

No community restitution is recommended.

A hundred dollar special assessment.

That will be the Court's finding.

As to the supervised release conditions, first of all,

REGNO..: 55026-424 NAME: CABRERA SARABIA, FELIPE

-------------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-19-2023 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 10-19-2023 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 07-25-2023
TOTAL TERM IN EFFECT............: 128 MONTHS
TOTAL TERM IN EFFECT CONVERTED..: 10 YEARS 8 MONTHS
EARLIEST DATE OF OFFENSE........: 11-22-2008

JAIL CREDIT.....................: FROM DATE THRU DATE
06-12-2020 07-24-2023

TOTAL PRIOR CREDIT TIME.........: 1138
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 575 ← Only 575 GCT vs. 1035 GCT
TOTAL GCT EARNED................: 216
STATUTORY RELEASE DATE PROJECTED: 07-15-2029
ELDERLY OFFENDER TWO THIRDS DATE: 07-23-2027
EXPIRATION FULL TERM DATE.......: 02-10-2031
TIME SERVED.....................: 4 YEARS 5 MONTHS 14 DAYS
PERCENTAGE OF FULL TERM SERVED..: 41.7
PERCENT OF STATUTORY TERM SERVED: 49.0

PROJECTED SATISFACTION DATE.....: 07-15-2029
PROJECTED SATISFACTION METHOD...: GCT REL

G0000 TRANSACTION SUCCESSFULLY COMPLETED

Exhibit B

**Administrative Remedy No. 1198527-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal, wherein you request 465 days of additional Good Conduct Time (GCT) toward your federal sentence. Specifically, you assert the Court sentenced you to a term of 230-months, but reduced the sentence by 102 months, to award custody credit for time served in Mexico.

A review of your records reflect you were sentenced on July 25, 2023, to a 128-month term of imprisonment for Possession with Intent to Distribute and Distribution of a Controlled Substance, in Case Number 1:09-CR-00383(8). On August 2, 2023, the Court amended the respective Judgment to reflect the sentence departure included credit for 102 months of custody served in Mexico. The Court decided to impose a sentence that falls below the sentencing guideline range of 292 months to 365 months. This decision was based on a range of factors, one of which is giving you credit for time served in Mexico. Specifically, this includes the period from December 23, 2011 (the day of your arrest in Mexico), through June 12, 2020 (the day you were extradited to the United States).

The Bureau of Prisons awards GCT credit in accordance with 18 U.S.C. § 3624(b). The First Step Act of 2018, amended 18 U.S.C § 3624(b), providing for federal inmates serving a term of imprisonment of more than 1 year, other than a term of life, is eligible to receive up to 54 days of GCT credit for each year of the sentence imposed by the Court, as well as a prorated amount for the partial last year. Accordingly, a term of 128 months, or 10 years and 8 months, would be entitled to earn a maximum total of 575 days of GCT credit (10 years x 54 days = 540 days, plus 35 days prorated). You are projected to earn 575 days of GCT on the 128-month term of imprisonment imposed by the Court in Case No. 1:09-CR-00383(8), with a projected release date of July 15, 2029.

Your sentence has been computed as directed by federal statute, Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and the intent of the sentencing Court.

Based on the aforementioned, your appeal is denied.

October 24, 2024
Date

T. Barnett
Timothy Barnett, Administrator
National Inmate Appeals

Exhibit C-001

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Cabrera-Sarabia, Felipe (LAST NAME, FIRST, MIDDLE INITIAL) — 55026-424 (REG. NO.) — K2 (UNIT) — SST (INSTITUTION)

**Part A - REASON FOR APPEAL**

Central should calculate my sentence with GCT for a sentence of 230 months versus the 128-month sentence used in Region's response or I should be immediately released because I have served a 128-month sentence inclusive of a 102-month jail credit. As set forth in my prior remedies, I was sentenced to a 230-month sentence with 102-months of jail credit. I am seeking GCT that reflects a 230-month sentence. Region's response states that I was sentenced to a 128-month term of imprisonment with 102-months of jail credit. If true, then I have over served my sentence. I am entitled to additional GCT or immediate release.

09-15-24 (DATE) — Felipe Cabrera S. (SIGNATURE OF REQUESTER)

**Part B - RESPONSE**

Federal Bureau of Prisons
Administrative Remedies
SEP 24 2024
RECEIVED

RECEIVED
SEP 24 2024
Administrative Remedies
Federal Bureau of Prisons

DATE — GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE — CASE NUMBER: 1198527

**Part C - RECEIPT**

CASE NUMBER:

Return to: LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT:

Exhibit C-002

DATE — SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

U.S. Department of Justice
Federal Bureau of Prisons
North Central Regional Office

Regional Administrative Remedy Appeal
Part B - Response

**Administrative Remedy Number:** 1198527-R2

This is in response to your Regional Administrative Remedy Appeal received August 6, 2024, in which you claim your Good Conduct Time (GCT) should be calculated on a 230-month sentence versus a 128-month sentence. You also claim your Judgment and Commitment indicates a total of a 230-month sentence, as you were credited for 102 months for a sentence served in Mexico. You do not state specific relief.

We have reviewed your appeal and the Warden's response dated July 24, 2024. The Judgment rendered in Case No. 1:09-CR-00383(8) on July 25, 2023, indicates a 128-month term of imprisonment, and this sentence includes credit for 102 months of custody served in Mexico. The United States District Court for the Northen District of Illinois sentenced you below the Guideline Range of 292 to 365 months. Additionally, pursuant to 18 U.S.C. § 3624(b) Release of a prisoner, "A prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." The First Step Act (FSA) amended 18 U.S.C. § 3624(b) so that federal prisoners can earn up to 54 days of good time credit for every year of their *imposed sentence* rather than for every year of their *sentenced served*. Your total term in effect of 128 months allows for a maximum of 575 days of GCT. The Federal Bureau of Prisons cannot award more GCT that what your imposed sentence allows for. Your current projected satisfaction date of July 15, 2029, incorporates the 575 days of projected GCT. Your sentence computation and GCT, pursuant to the FSA, has been calculated in accordance with all applicable federal statutes and Bureau of Prisons' policy.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

8/30/2024
Date

[signature]
Andre Matevousian, Regional Director

Exhibit C-003

U.S. Department of Justice

Federal Bureau of Prisons

# Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Cabrera-Sarabia, Felipe | 55026-424 | K-2 | SST |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**

Region should calculate my sentence with Good Conduct Time credits for a sentence of 230 months versus the 128 month sentence used in the Warden's response. My Judgement of Imprisonment (attached) states that I am sentenced to a 128 month sentence with 102 months credit towards a sentence served in Mexico. My entire sentence, for purposes of 18 U.S.C. 3624(b), is 230 months. Under the Warden's reading of my judgement, I was sentenced to a 128 month sentence and should have received 102 months of credit towards that sentence. If the Warden's reading is correct, I am entitled to immediate release. If my reading is correct (a 128 month sentence plus a credit of 102 months for a total of 230 months), then I am entitled to 54 days a year for a sentence of 230 months.

07-29-24
DATE

Felipe Cabrera S.
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 1198527-R2

**Part C - RECEIPT**

CASE NUMBER:

Return to: LAST NAME, FIRST, MIDDLE INITIAL REG. NO. UNIT INSTITUTION

Exhibit C-004

SUBJECT:

DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

Administrative Remedy No.: 1198527-F1

---

This is in response to your Administrative Remedy received May 3, 2024, in which you claim there is a discrepancy concerning Good Conduct Time as applied towards your sentence computation. For relief, you request 15% of GCT earned of 102 months served in Mexico be applied towards the federal sentence.

Good Conduct Time was applied to your current sentence pertaining to Case No. 1:09-CR-00383(8) on July 25, 2023. The appropriate adjustment was made concerning earned Good Conduct Time, which encompasses the entire 128-month sentence. Pursuant to 18 U.S.C. § 3624(b) Release of a prisoner, "A prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." The First Step Act (FSA) amended 18 U.S.C. § 3624(b) so that federal prisoners can earn up to 54 days of Good Conduct Time for every year of their *imposed sentence* rather than for every year of their *sentenced served*. Your 128-month sentence allows for a maximum 575 days of Good Conduct Time, pursuant to the FSA. Your current Projected Satisfaction Date of July 15, 2029, incorporates the 575 days of projected Good Conduct Time. Your sentence computation and Good Conduct Time, as a Prison Litigation Reform Act sentence procedure, has been calculated in accordance with all applicable federal statutes and Bureau of Prisons' policy.

Based on the above information, your Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, North Central Regional Office, 400 State Avenue, Tower II, Suite 800, Kansas City, Kansas 66101, within twenty (20) calendar days from the date of this response.

Mark W. King, Warden

Date 5/24/2024

Exhibit C-005