UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FELIPE CABRERA SARABIA,

                                          Civil No. 25-705 (JRT/JFD)

           Petitioner,

v.

                                    **MEMORANDUM OPINION AND ORDER**
WARDEN FCI SANDSTONE,                **ADOPTING REPORT AND**
                                            **RECOMMENDATION**

           Respondent.

---

Felipe Cabrera Sarabia, Register Number 55026-424, Federal Correctional Institution – Sandstone, P.O. Box 1000, Sandstone, MN 55072, *pro se* Petitioner.

Trevor Brown and Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondent.

Petitioner Felipe Cabrera Sarabia challenges the Bureau of Prisons' ("BOP") calculation of his good conduct time credits under the First Step Act through a habeas petition filed under 28 U.S.C. § 2241. He argues that the BOP should calculate his credits based on a 230-month sentence rather than the 128-month sentence reflected in the amended judgment. Magistrate Judge John F. Docherty issued a Report and Recommendation ("R&R") recommending that the Court deny the petition because the sentencing transcript and amended judgment show that the sentencing court imposed a 128-month term of imprisonment. Cabrera objects to the R&R. Because the record confirms that Cabrera was sentenced to 128 months and the BOP properly calculated his

good conduct time credits based on that term, the Court will overrule Cabrera's objections, adopt the R&R, deny the petition, and dismiss this action.

## BACKGROUND

### I.     FACTS

In 2009, Cabrera was indicted in the Northern District of Illinois on several drug trafficking charges. (*See* Superseding Indictment, Aug. 6, 2009, Docket No. 7, *United States v. Cabrera Sarabia*, No. 1:09-383-8 (N.D. Ill.) ("N.D. Illinois Docket").) But Mexican officials moved first—arresting Cabrera on December 23, 2011, in Mexico on Mexican charges for the same underlying conduct. (*See* Plea Agreement ¶ 15, Jan. 20, 2023, N.D. Illinois Docket No. 931.) Cabrera remained in detention in Mexico until June 2020. After Cabrera's conviction was eventually overturned by the Mexican Supreme Court, he was extradited to the United States to face his charges in this country. (Tr. 60:14–20, Sept. 23, 2024, N.D. Illinois Docket No. 1027.) In 2023, Cabrera eventually pleaded guilty to a charge of distributing one kilogram or more of a mixture or substance containing heroin, in violation of 21 U.S.C. § 841(a)(1). (Plea Agreement ¶ 5.)

The sentencing court calculated a Guidelines range of 292 to 365 months and initially announced a sentence of 230 months: "So, in keeping with everything I have stated, the Court believes a sentence that is sufficient in this case . . . should be one of 230 months in custody. 230." (Tr. 81:8–9, 81:14–19.) But later in the proceedings, the United States admitted that the BOP would eventually need to reduce Cabrera's sentence "[b]y operation of statute" to account for the 102 months Cabrera served in Mexico on a

conviction that was later overturned. (Tr. 89:1–10.) The United States suggested two options for the Court:

> to leave it be and let the statute perform its, you know, its rules and BOP will implement it, and just have the J&C state 230 months' custody; or,
> . . .
> to say he is confined for 128 months, and this already takes into account the credit for 102 months in custody in Mexico.

(Tr. 90:11–20.)

Given those two options, Cabrera's counsel asked the court to choose the latter and "include it in the J&C." (Tr. 90:23–24.) Without objection from the United States, the court announced it would "give [Cabrera] that credit, and the J&C will read in the way that was just stated." (Tr. 92:1–3.) Ultimately, the Judgment and Conviction ("J&C") stated,

> The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 128 months as to count 5ss (five) of the Third Superseding Indictment. **This sentence includes credit for 102 months of custody already served in Mexico.

(Am. J. at 2, Aug. 2, 2023, N.D. Ill. Docket No. 978.)

Cabrera eventually made his way to FCI Sandstone. While serving his federal sentence, Cabrera has accrued good conduct time credits ("GCTs") under the First Step Act of 2018. (Pet. for Writ of Habeas Corpus ("Pet."), Ex. B, Feb. 24, 2025, Docket No. 1.) However, the BOP limited Cabrera to only earning a maximum of 575 GCTs, based on both the statutory limit of 54 days of GCTs for "each year of the prisoner's sentence imposed

by the court," 18 U.S.C. § 3624(b)(1), and Cabrera's modified 128-month sentence. (Pet. at 7, Ex. B.)

## II. PROCEDURAL HISTORY

After exhausting administrative remedies, Cabrera filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 to correct what he sees as an error in calculating his maximum GCTs. (*See* Pet.) In short, he argues he was actually sentenced to 230 months in prison and is therefore entitled to 1,035 GCTs, rather than the 575 GCTs the BOP derived from his 128-month sentence. (*See* Pet. at 7.) The Magistrate Judge recommended that the Court deny the petition, concluding Cabrera was sentenced to 128 months—not 230 months—and that the BOP properly calculated GCTs based on that sentence. (R. & R. at 3, May 1, 2025, Docket No. 7.) Cabrera filed timely objections and again asked the Court to order the BOP to recalculate his GCTs based on a 230-month sentence. (Obj., May 15, 2025, Docket No. 8.)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn.

Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

A document filed by a pro se litigant must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Eighth Circuit instructs courts to liberally construe general and conclusory pro se objections to R&Rs and to conduct de novo review of all alleged errors. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). However, "pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

Because Cabrera properly objected to the R&R, the Court will conduct a de novo review.

## II.   ANALYSIS

The First Step Act allows prisoners to receive GCTs "of up to 54 days for each year of the prisoner's sentence imposed by the court." 18 U.S.C. § 3624(b)(1). The sole question is whether the "sentence imposed" by the court in this case was 230 months or 128 months.

The Eighth Circuit has instructed that the "oral pronouncement by the sentencing court is the judgment of the court," rather than the written judgment. *United States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir. 1994). But when "a district court's written judgment is 'consistent' with its discernible intent in the oral pronouncement and simply 'clarified' an 'imprecisely' pronounced [sentence], there is no conflict and [the Court] may treat the

written judgment as operative." *United States v. Mays*, 993 F.3d 607, 622 (8th Cir. 2021) (quoting *United States v. Carter*, 652 F.3d 894, 897 (8th Cir. 2011)).

Here, neither the transcript nor the J&C is a model of clarity. However, the Court finds that the length of an "imposed sentence" is most properly understood to be the "term of imprisonment." *Cf.* 28 C.F.R. § 523.44(a)(1) (referencing eligibility for GCTs among prisoners "[s]entenced to a term of imprisonment under the U.S. Code"); 18 U.S.C. § 3624(g)(5) (speaking of "the term of imprisonment to which the prisoner was sentenced"). The J&C in this case clarifies what was unclear in the sentencing hearing: the full term of imprisonment, and therefore the full sentence imposed, was 128 months.

Given that sentence length, the BOP properly calculated Cabrera's GCTs. The First Step Act entitles eligible inmates to a maximum allowable good conduct time of 54 days per year. 18 U.S.C. § 3624(b)(1). Cabrera was sentenced to 128 months, which equates to 10 years and 8 months. Based on that sentence, the BOP awarded Cabrera 575 days of GCTs—540 days for the 10 full years and 35 days prorated for the final 8 months. This calculation tracks the language of the statute. Indeed, assuming a 128-month sentence, Cabrera does not dispute the accuracy of the calculation itself.

## CONCLUSION

Though hardly clear, the sentencing transcript and amended judgment strongly suggest that Cabrera's sentence was 128 months because that is the length of the term of imprisonment. Because 128 months is the "sentence imposed" under 18 U.S.C. § 3624(b), the BOP correctly calculated Cabrera's good conduct time credits. The Court

will therefore overrule Cabrera's objections, adopt the R&R, deny the Petition for Writ of Habeas Corpus, and dismiss this action with prejudice.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objection to the Report and Recommendation [Docket No. 8] is **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Docket No. 7] is **ADOPTED**;

3. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**; and

4. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 11, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge